IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRYAN PASQUINI #532100, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:23-cv-00641 |
| v. ) | |
| ) | JUDGE RICHARDSON |
| TDOC, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff Bryan Pasquini, an inmate at DeBerry Special Needs Facility, filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1), a motion to appoint counsel (Doc. No. 2), and an application to proceed as a pauper. (Doc. No. 5.) This case is before the Court for initial review, as required by the Prison Litigation Reform Act. And as explained below, this case may proceed for further development. Plaintiff should consult the accompanying Order for instructions.

I.    **Application to Proceed as a Pauper**

An inmate may bring a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Plaintiff's application to do so is accompanied by the required documentation. (Doc. No. 5 at 4–5); 28 U.S.C. § 1915(a)(2). This application reflects that Plaintiff does not have sufficient funds to pay the full filing fee in advance. Accordingly, Plaintiff's application will be granted, and he will be assessed the $350.00 filing fee in the accompanying Order. 28 U.S.C. § 1915(b).

II.    **Initial Review**

The Court must review the Complaint and dismiss any part that is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. The Court must also hold this pro se pleading to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A.  Alleged Facts

This case concerns Plaintiff's medical treatment at DeBerry Special Needs Facility ("DeBerry"). The Complaint names (or purports to name)—albeit only in its caption—three Defendants: "T.D.O.C. (all Dr.'s)," "Centurion (CEO)," and "Dr. Okuma, et al."[1] (Doc. No. 1 at 1). The following summary of allegations is based on a liberal construction of the Complaint and is taken as true for the purpose of this initial review.

On December 25, 2022, Plaintiff called an officer to his cell door to report a cut on his arm that was bleeding "real bad." (*Id.* at 3.) The officer alerted a nurse and "called a code." (*Id.*) Medical staff arrived and told Plaintiff that they would do something when he passed out. (*Id.*) Plaintiff then passed out. (*Id.*) When Plaintiff woke up, he was strapped to a bed in a different cell. (*Id.*) Plaintiff told officers and nurses that he was cold, lightheaded, weak, and very dizzy.[2] (*Id.*)

On December 26, 2022, Plaintiff was still weak and his lips were purple, and he did not receive any treatment. (*Id.*) On December 27, 2022, Dr. Okuma visited Plaintiff but did not provide any treatment, saying "Oh you will be OK." (*Id.*)

On January 3, 2023, Plaintiff had blood drawn, and the next day he was sent to the hospital because his blood work reflected that he "was 3 or 4 units low on blood." (*Id.*) When Plaintiff got

---

[1] Plaintiff refers to this Defendant as a doctor in the caption of the Complaint and as a nurse practitioner in the body of the Complaint. (*See* Doc. No. 1 at 3.) The Court will refer to this Defendant as a doctor, for consistency with the caption, but whatever this Defendant's professional designation, the important thing for the purpose of this initial review is that this Defendant is alleged to be a medical provider at Plaintiff's place of incarceration.

  The Court further notes that the "et al." after this Defendant's name in the caption has no practical effect, as it does not suffice to name any additional defendant.

[2] As far as Plaintiff alleges, Plaintiff did not receive any treatment that day.

to the hospital, medical providers did not know why Plaintiff was there because DeBerry staff did not send Plaintiff's paperwork with him. (*Id.*) When the hospital providers learned why Plaintiff was there, a doctor said that Plaintiff could have died from blood loss. (*Id.*)

B. Legal Standard

To complete the required initial review, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470– 71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

C. Analysis

Plaintiff is proceeding under 42 U.S.C. § 1983, which permits individuals to bring civil claims based on violations of "the Constitution or federal laws by those acting under color of state law." *Smith v. City of Salem, Ohio*, 378 F.3d 566, 576 (6th Cir. 2004).

1. *Dismissal of First Two Defendants*

As an initial matter, Plaintiff fails to state a claim against the first two Defendants: "T.D.O.C. (all Dr.'s)" and "Centurion (CEO)."

For the first ostensible Defendant(s), to the extent that Plaintiff is attempting to sue the Tennessee Department of Correction (TDOC), "[t]he TDOC is not a 'person' within the meaning of § 1983, and is therefore not a proper defendant." *Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989)). Likewise,

to the extent that Plaintiff is attempting to sue all doctors working for TDOC or within the TDOC system, "a collection of employees at a correctional facility, considered as a group, is not a 'person' for the purpose of Section 1983." *Taylor v. Emps. at Sumner Cnty. Jail*, No. 3:19-cv-00401, 2019 WL 4860628, at *3 (M.D. Tenn. Oct. 2, 2019) (citing *Hix*, 196 F. App'x at 356). So Plaintiff cannot maintain a Section 1983 claim against the first Defendant.

For the second ostensible Defendant(s), to the extent that Plaintiff is attempting to sue Centurion, the Court takes judicial notice that "Centurion is a private entity contracted to provide medical care to inmates in TDOC facilities." *Weir v. Centurion*, No. 3:19-cv-00131, 2019 WL 1434658, at *3 (M.D. Tenn. Mar. 28, 2019). Centurion is a state actor for Section 1983 purposes when it performs the traditional state function of providing "medical services to prison inmates." *Id.* (quoting *Shadrick v. Hopkins Cnty., Ky.*, 805 F.3d 724, 736 (6th Cir. 2015)). But to state a Section 1983 claim against a private entity like Centurion, Plaintiff must allege that Centurion had a "policy or custom" that was "the moving force behind" the alleged deprivation of Plaintiff's constitutional rights. *Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012) (quoting *Miller v. Sanilac Cnty.*, 606 F.3d 240, 255 (6th Cir. 2010)). And the allegations in the Complaint, even liberally construed, do not allow the Court to reasonably infer that the alleged denial of medical treatment was caused by a policy or custom of Centurion.

Further with respect to the second ostensible Defendant(s), to the extent that Plaintiff is attempting to sue the Centurion "CEO" (presumably meaning Chief Executive Officer), Plaintiff does not make any allegations explaining how the CEO was personally involved in the events giving rise to this case. Indeed, Plaintiff does not mention the Centurion CEO at all in the body of the Complaint. Mere reference to the Centurion CEO in the case caption is not sufficient to state claim under Section 1983. *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004)

(citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983.")). Plaintiff, therefore, fails to state a claim against the second Defendant as well.

        2.    *Claim Going Forward Against Dr. Okuma*

The final Defendant is Dr. Okuma. Plaintiff alleges that he suffered a cut on his arm that resulted in significant blood loss and loss of consciousness. Allegedly, when Plaintiff woke up, he was strapped to a bed in a different cell and was cold, lightheaded, weak, and very dizzy. The next day, Plaintiff was allegedly weak and his lips were purple, and the day after that, Dr. Okuma allegedly visited Plaintiff, provided no treatment, and said, "Oh you will be OK." Plaintiff alleges that testing one week after Dr. Okuma's visit confirmed the seriousness of Plaintiff's blood loss and resulted in a trip to the hospital, where a doctor told Plaintiff that he could have died.

As a convicted prisoner, Plaintiff has an Eighth Amendment right to be free from deliberate indifference to serious medical needs. *See Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (citation omitted). To state a claim on this basis, Plaintiff must show that, objectively, he had a sufficiently serious medical need, and that, subjectively, an official knew of and disregarded that medical need. *See Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009) (citations omitted). Here, accepting the allegations as true, Plaintiff may proceed with a claim of deliberate indifferent to serious medical needs against Dr. Okuma for allegedly failing to treat Plaintiff on December 27, 2022.

**III.    Motion to Appoint Counsel**

Plaintiff requests the appointment of counsel based on his professed indigence, ignorance of the law, and the complexity of the case. (Doc. No. 2.) But "[i]t is the rare civil case in which a

court must provide a party an attorney, and only 'exceptional circumstances' require deviating from this rule." *Cavin v. Michigan Dep't of Corr.*, 927 F.3d 455, 461 (6th Cir. 2019) (citing *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993)). The circumstances alleged by Plaintiff are not exceptional or particularly complex, and he has been able to communicate with the Court and present his case to this point, even if only imperfectly.

Accordingly, Plaintiff's motion to appoint counsel will be denied, without prejudice to re-filing if Plaintiff can demonstrate exceptional circumstances at a later stage in the case.

## IV. Conclusion

For these reasons, Plaintiff will be granted pauper status and he may proceed with an Eighth Amendment claim against Dr. Okuma for deliberate indifference to serious medical needs. All other Defendants will be dismissed, and Plaintiff's motion to appoint counsel will be denied.

An appropriate Order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE