UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BRYAN PASQUINI,

    Plaintiff,

v.

TDOC et al.,

    Defendants.

Case No. 3:23-cv-00641

Judge Eli J. Richardson
Magistrate Judge Alistair E. Newbern

To:    The Honorable Eli J. Richardson, District Judge

### REPORT AND RECOMMENDATION

Pro se Plaintiff Bryan Pasquini initiated this civil rights action while he was incarcerated at the DeBerry Special Needs Facility (DSNF) in Nashville, Tennessee. (Doc. No. 1.) On April 1, 2024, after the U.S. Postal Service (USPS) returned one of the Court's prior orders mailed to Pasquini at DSNF as undeliverable, the Court found that Pasquini had been paroled but had "not provided the Court with updated contact information as he is required to do to prosecute his claims." (Doc. No. 13.) The Court therefore ordered Pasquini to provide a current mailing address by April 15, 2024. (*Id.*) Pasquini has not responded to the Court's order, despite being warned that failure to do so could lead to a recommendation that his case be dismissed. For the reasons that follow, the Magistrate Judge will recommend that this action be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) and Local Rules 41.01(a) and (b) for Pasquini's failure to prosecute and to keep the Court informed of his current address.

I.    **Relevant Background**

Pasquini initiated this action by filing a complaint under 42 U.S.C. § 1983 for violations of his civil rights against Defendants the Tennessee Department of Correction (TDOC), the chief

executive officer of Centurion, a private company contracted to provide medical care at TDOC facilities, and Abel Okuma, M.D. (Doc. No. 1.) The Court granted Pasquini's application to proceed *in forma pauperis* and screened his complaint under 28 U.S.C. § 1915A, finding that Pasquini had stated a colorable Eighth Amendment claim against Okuma, allowing that claim to proceed for further discovery, and dismissing all other claims and defendants in Pasquini's complaint. (Doc. Nos. 6, 7.) The Court warned Pasquini that "this case may be dismissed if [he] fails to promptly inform the Clerk's Office of any change in address." (Doc. No. 7, PageID# 29.)

The Clerk of Court issued a summons to Okuma, and the U.S. Marshals Service effected service of process on Okuma on Pasquini's behalf (Doc. No. 9) in accordance with Federal Rule of Civil Procedure 4(c)(3). *See* Fed. R. Civ. P. 4(c)(3). Okuma has not appeared in this action or responded to Pasquini's complaint.

On December 12, 2013, the Court received a filing from Pasquini styled as a motion for summary judgment under Federal Rule of Civil Procedure 56, arguing that Okuma had not filed a timely response to Pasquini's complaint as required by Rule 12(a)(1)(A) and asking the Court to "grant him the requested relief and [ ] any such further relief this Court deems just and proper." (Doc. No. 10, PageID# 38, ¶ 6.) Okuma did not respond to Pasquini's motion. On February 23, 2024, the Court found that "Rule 56 is not the proper mechanism to challenge a defendant's failure to respond to a complaint" and that, "[i]nstead, Rule 55(a) provides that, '[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.'" (Doc. No. 11, PageID# 41 (second alteration in original).) Consequently, the Court directed the Clerk of Court to administratively terminate Pasquini's motion. (Doc. No. 11.)

2

Case 3:23-cv-00641    Document 15    Filed 05/06/24    Page 2 of 8 PageID #: 46

On March 7, 2024, USPS returned a copy of the Court's February 23, 2024 order mailed to Pasquini at DSNF as undeliverable with a note explaining that Pasquini has been "paroled on [the] expiration of [his] sentence[.]" (Doc. No. 12.) On April 1, 2024, the Court ordered Pasquini "to provide a current mailing address to the Court by April 15, 2024[,]" and warned him "that failure to provide current contact information may result in a recommendation that his case be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41." (Doc. No. 13.) A copy of the Court's order mailed to Pasquini as DSNF was returned as undeliverable. (Doc. No. 14.) The docket reflects that Pasquini has not provided a current mailing address or taken any other action in this case.

**II.      Legal Standard**

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "substantial discretion" regarding decisions to dismiss for failure to prosecute. *Id.*

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the

3

defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)).

This Court's Local Rules provide that a pro se party "must keep the Court and opposing parties apprised of the *pro se* party's current address and other contact information," and explain that a pro se party's failure "to timely notify the Court and opposing parties of any change in address may result in dismissal of the action with or without prejudice." M.D. Tenn. R. 41.01(b) (dismissal for failure of *pro se* plaintiff to keep court apprised of current address). The Local Rules further provide that "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party may be summarily dismissed . . . without prejudice to refile or to move the Court to set aside the order of dismissal for just cause." M.D. Tenn. R. 41.01(a) (dismissal for unreasonable delay). Where, as here, noncompliance with local rules is

a ground for dismissal, "the behavior of the noncomplying party [must] rise[] to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick & GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999).]

**III.      Analysis**

Dismissal of this action is appropriate under Rule 41(b) because the four relevant factors, considered under the "relaxed" standard for dismissals without prejudice, show a record of delay by Pasquini.

   **A.      Bad Faith, Willfulness, or Fault**

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "'display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings.'" *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591). Pasquini initiated this action and diligently pursued his claims between June 23, 2023, and December 13, 2023. (Doc. Nos. 1, 2, 5, 10.) His failure to communicate with the Court and to comply with the Court's order to provide his correct mailing address therefore appears to be a problem of his own making. Even if these failures were not in bad faith, they still reflect "willfulness and fault" for purposes of Rule 41(b). *Hatcher v. Dennis*, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018); *see id.* (explaining that "[a] party's failure to respond in the face of a warning by the court that such failure could result in dismissal of a complaint tips the scale in favor of dismissal on the first factor"); *see also Bryant v. Warden, Franklin Cnty. Corr. Ctr.*, Case No. 2:17-CV-00335, 2017 WL 6520874, at *2 (S.D. Ohio Dec. 4, 2017) (finding that pro se plaintiff's "failure to update his address constitute[d] willfulness, bad faith, or fault, because it demonstrate[d] reckless disregard for how his actions, or inactions, impact his case"), *report and recommendation adopted*, 2017 WL 6508595 (S.D. Ohio Dec. 20, 2017).

Even though the Court's February 23, 2024 order was mailed to Pasquini and returned as undeliverable, it remains Pasquini's responsibility to keep the Court apprised of his current mailing address, as the Court informed Pasquini at the outset of this case (Doc. No. 7). *See Williams v. Blanchard*, Civ. No. 3:12-0932, 2014 WL 3672105, at *2 (M.D. Tenn. July 23, 2014) ("Dismissal with prejudice is appropriate in light of the impasse in further proceedings in the action caused by the plaintiff's failure to prosecute the action upon his release from incarceration and the fact that his current whereabouts are unknown. It is not the Court's duty to search out and locate the plaintiff."); *Bryant*, 2017 WL 6520874, at *2 (finding that first factor weighed in favor of dismissal where petitioner "fail[ed] to update his address" and "deprived th[e] Court of a means to contact him about his case or a method to notify him when motions or other proceedings require his response or opposition"). The first factor therefore weighs in favor of dismissal.

B.     Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of

6

Case 3:23-cv-00641     Document 15     Filed 05/06/24     Page 6 of 8 PageID #: 50

dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer v. City of Defiance Police Department* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds even minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." *Id.* at 740.

Okuma has not appeared in this action and therefore has not wasted any time, money, or effort in pursuit of cooperation that Pasquini was legally obligated to provide. This factor weighs against dismissal.

### C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at 615). Here, the Court twice warned Pasquini that failure to keep the Court apprised of his mailing address may result in dismissal of his claims. (Doc. Nos. 7, 13.) This factor therefore supports dismissal. *Schafer*, 529 F.3d at 740.

### D. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is available and appropriate here. Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits . . . ." *Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 590–91. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Schafer*, 529 F.3d at 737 (noting that courts apply the four-factor test "'more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal'" (quoting *Harmon*, 110 F.3d at 367)).

## IV.  Recommendation

Considering the above four factors, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure 41(b) for Pasquini's failure to prosecute his claims.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 6th day of May, 2024.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge