IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRYAN PASQUINI, | ) |
|     Plaintiff, | ) |
| v. | ) NO. 3:23-cv-00641 |
| | ) JUDGE RICHARDSON |
| TDOC, et al., | ) |
|     Defendants. | ) |

**ORDER**

Pending before the Court is a Report and Recommendation ("R&R") of the Magistrate Judge (Doc. No. 15), recommending that the Court dismiss, pursuant to Fed. R. Civ. P. 41(b) and L.R. 41.01(a) and (b), all claims brought by Plaintiff Bryan Pasquini. The Magistrate Judge recommends that Plaintiff's claims be dismissed without prejudice for his failure to prosecute and to keep the Court informed of his current address. No objections to the R&R have been filed, and the time for filing objections has now expired.[1]

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter.[2] *Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2

---

[1] Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of the R&R in which to file any written objections to the Recommendation with the District Court. For pro-se plaintiffs, like Plaintiff, the Court is willing to extend this 14-day deadline by three days to allow time for filings to be transported by mail.

[2] The R&R was mailed by the Clerk's Office to Plaintiff, who is proceeding pro se, and the docket suggests that such mailing was accomplished on May 6, 2024. (Doc. No. 15). On January 13, 2023, the mailing was returned to the Clerk's Office with the Post Office's notation, "Return to Sender, Paroled on Expiration of sentence." (Doc. No. 16.). This actually comes as no surprise, given that part of the basis of the Magistrate Judge's recommendation to dismiss pursuant to Rule 41(b) is Plaintiff's failure to keep the Court informed of a good mailing address, as was clearly necessary here given that a prior mailing from the Clerk to Plaintiff's address of record was returned as undeliverable for the same reason. (Doc. No. 14). The Court

(M.D. Tenn. Feb. 12, 2019); *Hart v. Bee Property Mgmt.*, No. 18-cv-11851, 2019 WL 1242372, at * 1 (E.D. Mich. March 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). The district court is not required to review, under a de novo or any other standard, those aspects of the report and recommendation to which no objection is made. *Ashraf v. Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Security*, No. 3:18-cv-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.*

Nonetheless, the Court has reviewed the R&R and the file. The R&R is adopted and approved. Accordingly, the claims brought by Plaintiff are hereby DISMISSED without prejudice pursuant to Rule 41(b) for Plaintiff's failure to prosecute and to keep the Court informed of his current address.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

realizes that Plaintiff did not receive a copy of the R&R from the Court, and thus would not have known of the deadline to respond to it (unless he somehow received actual notice in some other way). But as just indicated, this falls at the feet of Plaintiff; he did not receive a copy of the R&R from the Clerk's Office for one of the exact reasons the R&R recommends dismissal of this action. Under these circumstances, Plaintiff is not entitled to relief from the 14-day deadline based on a lack of notice of the R&R.